# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| LORAINE L. BRIGHT | * |
| Plaintiff | |
| | * |
| v. | |
| | *    CASE No. 1:11-cv-00985-CCB |
| HARFORD COMMUNITY | |
| COLLEGE | * |
| Defendants | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE

PLAINTIFF, Loraine L. Bright, by and through her attorneys, Thomas J. Dolina, Sarah D. Mann and Bodie, Dolina, Smith & Hobbs, P.C. hereby replies to Defendants' Opposition to Plaintiff's Motion to Dismiss Complaint without Prejudice and, in support thereof, states as follows:

1. Defendants argue that Plaintiff is not entitled to a Voluntary Dismissal without Prejudice, citing particularly to the procedural history of the dispute between the parties.

2. In sum, that history is as follows: Plaintiff filed an initial Complaint with this Court and Defendants filed a Motion to Dismiss. Plaintiff opposed said Motion but ultimately moved to voluntarily dismiss the Complaint without prejudice pursuant to Rule 41(a)(2). Defendants did not oppose said Motion and this Court granted that Motion. Plaintiff re-filed her Complaint in State Court and Defendants removed the case to Federal Court. Plaintiff opposed the removal and filed a Motion to Voluntarily Dismiss the Complaint without Prejudice. Defendants presently oppose a dismissal without prejudice.

1

3. Plaintiff re-filed her action in the Circuit Court for Harford County. Before formally serving counsel for the Defendants, Plaintiff sent Defense counsel a copy of the Complaint and Exhibits and engaged Defendants in settlement discussions. Plaintiff delayed formally serving Defendants' counsel until those conversations were exhausted.

4. This Court can certainly imagine Plaintiff's surprise and frustration when Defendants then removed the case back to Federal Court to once again attempt to whittle away at Plaintiff's otherwise valid causes of action, particularly in light of the communication between the Parties relevant to settlement discussions.

5. Defendants have described Plaintiff as taking "evasive action" to "avoid having this Court rule upon her claims;"[1] indeed, the same argument could be made about the Defendants' actions in removing this action to Federal Court and further prolonging this "morass."[2]

## Legal Standard for a Rule 41(a)(2) Dismissal

6. A non-exclusive, multi-factor test applies to this Court's assessment of the propriety of allowing a Rule 41(a)(2) dismissal, namely: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation.[3]

---

[1] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, ¶ 14.
[2] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, ¶ 14.
[3] *See eg. Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004).

2

7. In cases involving the scope of state law, courts should readily approve of dismissal when a plaintiff wishes to pursue a claim in state court.[4]

8. Plaintiff wishes to pursue her claims in State Court and this Court should accordingly approve the dismissal without prejudice.

**Prejudice to Defendants**

9. Neither the mere prospect of a second lawsuit, nor the possibility that the plaintiff will gain a tactical advantage, such as that which would be gained by re-filing in State Court, are sufficient prejudice to deny a Motion for Voluntary Dismissal.[5]

10. Federal courts have found that, where the activity is limited to the filing of Motions to Dismiss pursuant to Rule 12 and Rule 41 and a Motion to Remand, the opposing party's effort and expense in preparing for trial have been *quite minimal* and therefore, this factor weighs in favor of dismissal without prejudice [emphasis added].[6]

11. Here, Motions to Dismiss pursuant to Rules 12 and 41 and a Motion to Remand have been filed. A Scheduling Order has not been issued and a trial date has not been set. No discovery has been taken. No motions for summary judgment have been filed.

12. Although Defendants argue that they have endured effort and expense in reviewing and responding to the Complaint and in filing their Motion to Dismiss, Defendants concede that the initial Complaint "contained the *same set of*

---

[4] *Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 386 (S.D.W. Va. 2003).
[5] *See eg. Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998).
[6] *Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. at 387.

3

*allegations as the Complaint filed in this case* [emphasis added],"[7] that the Complaint filed in Harford County "*contains essentially the same allegations* and is based on the *same factual scenarios as the action she filed with this Court in June 2010* [emphasis added],"[8] and that "some of the grounds for dismissal articulated in Defendants' pending Motion to Dismiss were first articulated in its Motion to Dismiss Plaintiff's prior case."[9]

13. Defendants then contradictorily argue that "this is the second time that Defendants have dedicated time and expenses responding to Plaintiff's 'exhaustive' Complaint"[10] and "if this Court grants Plaintiff's Motion to voluntarily dismiss, Defendants' efforts to review each of the 387 paragraph allegations and respond accordingly, as well as draft and submit a comprehensive Motion to Dismiss and Memorandum of Law in Support, will be for naught."[11]

14. Indeed, it is hard to conceive that the additional time and expense necessary to respond and file a dispositive motion to the present Complaint "*that contains the same set of allegations as the Complaint filed in this case*"[12] and "*is based on the same factual scenarios as the action she filed with this Court in June*

---

[7] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, ¶ 8.
[8] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, ¶ 9.
[9] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, ¶ 11.
[10] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, ¶ .11
[11] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, ¶ 11.
[12] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, ¶ 8.

4

*2010*"[13] are particularly extensive or would create any significant prejudice to the Defendants.

15. Furthermore, Plaintiff has not sought in her Motion to Voluntarily Dismiss to do anything but that which is allowable under the Federal Rules. While the "Second Dismissal Rule"[14] bars by res judicata the re-filing of actions previously dismissed twice pursuant to Rule 41(a)(1), it does not apply to dismissals by motion pursuant to 41(a)(2).[15] Certainly, Rule 41(a)(2) and Federal Courts have contemplated and allowed plaintiffs to bring a third, or fourth, or fifth action based on the "same set of allegations" and "same factual scenarios" when previous dismissals have been made by Motion and granted by Court Order.

16. That Plaintiff has filed a previous Motion to Voluntarily Dismiss is of no moment here; Plaintiff was permitted to do so by Rule, was permitted to do so by Order of this Court, and is permitted to do so presently.

17. Moreover, assuming arguendo that this Court grants Plaintiff's Motion to Voluntarily Dismiss the Complaint, Defendants' efforts will not "be for naught"[16] because certainly those efforts could be applied in future State Court litigation.

18. Accordingly, Plaintiff's Motion to Voluntarily Dismiss the Complaint should be granted.

### Excessive Delay or Lack of Diligence

19. The excessive delay or lack of diligence factor regards the time in filing the Motion to Voluntarily Dismiss the Complaint, not whether Plaintiff modified the

---

[13] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, ¶ 9.
[14] Rule 41(a)(1): res judicata applies to action dismissed twice by notice or stipulation.
[15] Rule 41(a)(2).
[16] Rule 41(a)(2).

5

Complaint that was re-filed in State Court to the satisfaction of the Defendants' misguided understanding of the State Court's jurisdiction of §1983 actions and claims under the Federal Constitution.

20. Indeed, there is not excessive delay or lack of diligence where a Motion for Voluntary Dismissal is filed before a Scheduling Order has been issued and Court imposed deadlines have not yet been established.[17]

21. Moreover, Plaintiff has actively participated in this litigation and filed the present Motion on May 4, 2011, just weeks after Defendants removed this action to Federal Court.

22. Defendants misunderstand, misstate and/ or misapply 28 USC §1332.

23. In a Footnote 2, Defendants assert that, "At the time, Defendants did not oppose the motion for voluntary dismissal because they assumed Plaintiff was going to amend the Complaint and bring only *valid claims*. Evidently, such was not the case. [emphasis added]"[18] Defendants also characterize the fact that Plaintiff did not amend the Complaint before filing in State Court as a "lack of diligence."

24. Contrary to Defendants' apparent understanding of the law, Plaintiff did in fact bring *valid claims* in State court. As the 4th Circuit has held, "**Maryland Courts have concurrent jurisdiction with federal courts based on §1983 and the federal Constitution** [emphasis added]."[19]

25. Plaintiff has *diligently* attempted to preserve each and every *valid* cause of action against each and every Defendant named in this case. Plaintiff was improperly

---

[17] *Vosburgh v. Indemnity Ins. Co. of N. Am.*, 217 F.R.D. at 387.
[18] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, p. 4, fn 2.
[19] *Kutzik v. Young*, 730 F.2d 149, 152 (4th Cir. 1984).

terminated from a tenured position, was exposed to tortious conduct by the Defendants, has suffered significant financial damages as a result, has incurred significant attorney's fees in pursuing her rights in this cause of action, and has absolutely no motive to delay the ultimate litigation of her claims.

26. Indeed, it was not Plaintiff who removed this action to this Court, which has further prolonged the resolution of this action and increased the time and expense dedicated thereto.

27. Because Plaintiff promptly filed her Motion to Voluntarily Dismiss the Complaint within weeks of the removal of the action to Federal Court, a Scheduling Order has not been issued or trial date set and no motions for summary judgment are pending, there has been no excessive delay or lack of diligence on the part of the Plaintiff and Plaintiff's Motion to Voluntarily Dismiss the Complaint should be granted.

## Insufficient Explanation for Need for a Dismissal

28. The need for dismissal is obvious; Plaintiff intends to pursue her claims in State Court.

29. Plaintiff has suffered and continues to suffer from significant financial damages as a result of her improper termination and the tortious conduct of the Defendants.

30. Plaintiff has no intention of re-filing this action in State Court with Counts that would subject the action to this Court's jurisdiction.

31. Accordingly, Plaintiff's Motion to Voluntarily Dismiss the Complaint should be granted.

## Present State of Litigation

32. Although Defendants disagree with Plaintiff's assertion that this matter is still in its infancy, Federal courts have regarded a case to still be in an early stage of litigation when a Motion to Dismiss has been filed, the Scheduling Order has not been issued, and a trial date has not been set.[20]

33. Here, Defendants concede that discovery has not been exchanged and a trial date has not been set in this action.[21] The same is true of the previously filed Federal Complaint and the State Court Complaint.

34. Moreover, a Scheduling Order has not been issued and a motion for summary judgment is not pending.

35. Accordingly, Plaintiff's Motion for Voluntary Dismissal without Prejudice should be granted.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(a) GRANT Plaintiff's Motion to Dismiss without Prejudice Pursuant to Rule 41(a)(2);

(b) ENTER an Order Dismissing the Complaint without Prejudice; and

(c) AWARD such other relief as this Court deems appropriate to the Plaintiff.

---

[20] *See eg. Vosburgh v. Indemnity Ins. Co. of N. Am.*, 217 F.R.D. at 387.
[21] Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Dismiss Complaint without Prejudice, ¶ 14.

Respectfully submitted,

/s/
_____
Thomas J. Dolina, Bar # 00597
Sarah D. Mann, Bar # 28876
Bodie, Dolina, Smith & Hobbs, PC
21 W. Susquehanna Avenue
Towson, Maryland 21204
410-823-1250
tdolina@bodie-law.com
smann@bodie-law.com
*Attorneys for Plaintiff*