# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LORAINE L. BRIGHT | : | |
| | : | |
| v. | : | Civil No. CCB-11-985 |
| | : | |
| HARFORD COMMUNITY COLLEGE, et al. | : | |

## MEMORANDUM

Loraine Bright has sued Harford Community College ("Harford"), the Board of Trustees for Harford, individual administrators, and individual board members ("the defendants"), alleging violation of her Fourteenth Amendment procedural due process rights, breach of contract, defamation, false light, and violation of Maryland's Wage Payment and Collection Act. Ms. Bright initially filed an action in this district court on June 1, 2010, raising the same claims that form the basis of the current complaint. *See Bright v. Harford Community College*, No. 10-1397 (D. Md. filed June 1, 2010). On December 15, 2010, Judge Legg granted Ms. Bright's motion to voluntarily dismiss that complaint. On January 22, 2011, Ms. Bright filed the current action in the Circuit Court for Harford County. Because the parties were engaged in settlement discussions at the time, Ms. Bright delayed formally serving the defendants. Instead, she sent a courtesy copy of the complaint to defense counsel. The defendants were not officially served with summonses until March 16, 2011. On April 14, 2011, the defendants filed a notice of removal.

Now pending before the court is the plaintiff's motion to remand and her motion for voluntary dismissal. Also pending is the defendants' partial motion to dismiss. For the following

1

reasons, the plaintiff's motion to remand will be denied and her motion for voluntary dismissal will be granted. The defendant's motion to dismiss will be denied as moot.

## ANALYSIS

### A. Motion to Remand

Ms. Bright contends that the defendants' notice of removal was untimely because it was not filed within 30 days of receiving a courtesy copy of the complaint. The federal removal statute, 28 U.S.C. § 1446(b) provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

Although some courts initially interpreted the language "through service or otherwise" to mean that a defendant's 30-day period for removal began ticking after he or she received a courtesy copy of the complaint, the Supreme Court explained that the trigger for the 30-day period was formal receipt by service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352-353 (1999); *see also Woodruff v. Hartford Life Grp. Ins. Co.*, 378 F. Supp. 2d 546, 549 (D. Md. 2005). Here, the defendants did not formally receive service of process until March 16, 2011. (*See* Defs.' Consolidated Opp'n, Ex. 2.) Thus, the defendants' notice of removal, filed on April 14, 2011, was timely under § 1446(b). Accordingly, the plaintiff's motion to remand will be denied.

### B. Motion for Voluntary Dismissal

Federal Rule of Civil Procedure 41(a)(2) permits courts to grant a motion for dismissal without prejudice, considering factors such as "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of litigation, i.e.,

whether a motion for summary judgment is pending." *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004) (quoting *Teck General Partnership v. Crown Central Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998)). Typically, a plaintiff's motion to voluntarily dismiss a claim will not be denied "absent plain legal prejudice to the defendant." *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001) (citation omitted). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citation omitted).

Ms. Bright requests permission to voluntarily dismiss her complaint so that she may re-file this action in state court without counts that would subject the action to federal jurisdiction. (*See* Pl.'s Reply to Defs.' Consolidated Opp'n ¶ 30.) The defendants oppose a voluntary dismissal, arguing that they have spent the time and money to file a motion to dismiss in this case and that the plaintiff's "evasive tactics" have unnecessarily prolonged this dispute. (Defs.' Consolidated Opp'n ¶ 14.) It appears to the court that any unfair prejudice to the defendants can be alleviated by an order that grants voluntary dismissal without prejudice of Counts I-VII (Fourteenth Amendment and § 1983 claims) and Count VIII (to the extent it attempts to assert a federal constitutional claim) on the condition that these claims not be raised again in state or federal court. I would then decline to exercise supplemental jurisdiction over the state law claims, and remand those claims to Harford County Circuit Court, where the defendants presumably would be free to re-file their motion to dismiss directed only at the state claims.

If you have any objection to this proposed ruling, please let me know by May 27, 2011. I will not issue an order before May 31, 2011.


May 20, 2011                                       /s/
Date                                      Catherine C. Blake
                                          United States District Judge